UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| APRIL LYNN CHAMBERS,<br><br>                Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. 3:17-cv-05175-RJB<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff April Lynn Chambers seeks review of the denial of her application for supplemental security income ("SSI") benefits. Plaintiff contends that the administrative law judge ("ALJ") erred in evaluating the medical evidence and therefore in assessing her residual functional capacity ("RFC"). Dkt. 7 at 1. As discussed below, the Court **REVERSES** Defendant Commissioner Nancy A. Berryhill's ("the Commissioner") final decision and **REMANDS** the case for further administrative proceedings.

**BACKGROUND**

On February 18, 2010, plaintiff filed an application for SSI benefits, alleging disability as of October 1, 1999. Dkt. 5, Administrative Record ("AR") 901. Plaintiff's application was denied initially and on reconsideration. *Id*. Plaintiff was twice denied benefits after hearings held in 2012 and 2015. *Id*. Both of those decisions denying plaintiff benefits were reversed and remanded by this Court. *Id*. After the ALJ conducted a third hearing on October 21, 2016, the

ORDER - 1

ALJ issued a decision finding plaintiff not disabled. AR 901-27.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since February 18, 2010, the application date.

**Step two:** Plaintiff has the following severe impairments: depression, post-traumatic stress disorder, panic disorder, bipolar disorder, anxiety disorder, history of kidney stones, and back pain.

**Step three:** Plaintiff's impairments do not meet or equal the requirements of a listed impairment.[2]

**RFC:** Plaintiff has the RFC to perform medium work. She is able to perform simple, routine tasks in work that involves no more than occasional contact with coworkers, no team building or collaborative decision-making, no more than occasional public contact, no customer service sales or counter-type jobs, and no high-paced manufacturing-style production. The claimant must be able to control her own workflow during the workday, and her work must require no more than routine or occasional adaptation to changes.

**Step four:** Plaintiff is unable to perform any past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, plaintiff has not disabled since February 18, 2010, the application date.

*See* AR 901-27. It does not appear from the record that the Appeals Council assumed jurisdiction of the case. *See* 20 C.F.R. § 416.1484.[3]

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER - 2

Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## I. Medical Evidence

Plaintiff argues that the ALJ erred in evaluating the medical evidence in the record. *See* Dkt. 7 at 3-8. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). When an examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

### a. Dr. Crampton

Plaintiff argues that the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist J. Alex

ORDER - 3

Crampton, Psy.D. *See* Dkt. 7 at 3-5. The Court disagrees.

On September 5, 2014, Dr. Crampton examined plaintiff and opined that plaintiff was markedly limited in her ability to complete a normal workday or workweek without interruptions from psychologically-based symptoms and in her ability to maintain appropriate behavior in a work setting. *See* AR 795. Dr. Crampton also found that plaintiff was moderately limited in her ability to perform routine tasks without special supervision. *See id*. The ALJ gave little weight to these limitations in Dr. Crampton's opinion because they appeared to be inconsistent with Dr. Crampton's clinical findings and with the "totality of the evidence."[4] *See* AR 921-22.

An ALJ need not accept a physician's opinion if that opinion is inadequately supported "by the record as a whole." *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ here pointed to plaintiff's normal MSE results and cooperative and pleasant demeanor at medical appointments throughout the record as evidence that Dr. Crampton's opinion was not supported by the record as a whole. *See* AR 906, 913-17, 921. Specifically, the ALJ noted that "despite the extreme mood fluctuations the claimant alleged at the hearing and on psychological evaluations, her primary care providers consistently assessed normal mood and affect" and "failed to observe the extreme social anxiety" that plaintiff alleged. *See* AR 916. Substantial evidence supports this finding. *See, e.g.*, AR 571-72 (depression not present, normal mood and affect, cooperative and alert appearance), 574 (plaintiff noted that medication was "working well" for panic attacks and had no concerns), 868 (no recent panic attacks, medication "working for her"), 882 (normal mood and affect, good insight and judgment). Therefore, the ALJ did not err in finding that the "totality of the evidence" was inconsistent with the marked

---

[4] Dr. Crampton also found that plaintiff had several other moderate limitations that the ALJ concluded were reasonable and incorporated into the RFC. *See* AR 921.

ORDER - 4

social limitations to which Dr. Crampton opined.

### b. Dr. Greenfield

Plaintiff argues that the ALJ erred by failing either to fully incorporate or to provide a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist Curtis Greenfield, Psy.D. *See* Dkt. 7 at 5-8. The Court agrees with plaintff.

On August 18, 2015, Dr. Greenfield examined plaintiff and opined that plaintiff was severely limited in her ability to adapt to changes in a routine work setting and markedly limited in her ability to perform several other basic work activities. *See* AR 1119. The ALJ agreed that plaintiff was severely limited in her ability to adapt to changes in a routine work setting. *See* AR 922. The ALJ believed that she incorporated that limitation into the RFC, which limited plaintiff to work with no more than routine or occasional adaptation to changes, no high-paced manufacturing-style production, and the ability to control her own workflow during the workday. *See* AR 907, 922. However, Dr. Greenfield's report explicitly stated that a "severe limitation" meant "the inability to perform the particular activity in regular competitive employment or outside of a sheltered workshop." AR 1119. Therefore, an RFC demanding routine or occasional adaptation to changes does not incorporate Dr. Greenfield's opinion that plaintiff was unable to adapt to changes in a regular competitive employment.

The Commissioner argues that the Court should infer that the ALJ meant only that plaintiff would have severe limitations in her ability to adapt to changes as "severe" is defined in 20 C.F.R. § 416.921, meaning a significant limitation but not a complete inability. *See* Dkt. 11 at 13. The Court agrees that the ALJ certainly did not intend to confirm that plaintiff was unable to adapt to changes in a regular competitive environment. However, the ALJ's misunderstanding

ORDER - 5

leaves her decision lacking. An ALJ must explain why "significant probative evidence has been rejected." *Lester*, 81 F.3d at 830-31. "[A]n ALJ errs when [s]he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014). Here, the ALJ tacitly rejected Dr. Greenfield's opinion that plaintiff was unable to adapt to changes. The Commissioner argues that the ALJ's inattention to the strict definition of this part of Dr. Greenfield's opinion was harmless because the record as a whole supports the RFC assessed. *See* Dkt. 11 at 12-14. However, the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). The ALJ erred by failing either to incorporate Dr. Greenfield's opinion or to give a specific and legitimate reason supported by substantial evidence to reject it.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)).

Had the ALJ fully credited the opinion of Dr. Greenfield, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert. As the

ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, the error affected the ultimate disability determination and is not harmless.

## II. Remand for Further Administrative Proceedings

Because the ALJ erred in evaluating Dr. Greenfield's opinion, the ALJ's RFC assessment does not necessarily completely and accurately describe all of plaintiff's capabilities. Because the ALJ erred in assessing plaintiff's RFC, the hypothetical questions posed to the vocational expert at the hearing were not necessarily complete. Therefore, the ALJ's step-five determination is not supported by substantial evidence and is in error.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Here, plaintiff requests this matter be remanded to the Commissioner for further consideration. *See* Dkt. 7 at 1.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 28th day of August, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge